exposure or any indication that Mr. Swearingen's disability was associated with his service. The Board concluded that the evidence did not establish service connection based on a theory of exposure to ionizing radiation, a statutory presumption, or a direct theory.

Mr. Swearingen then appealed to the U.S. Court of Appeals for Veterans Claims, which affirmed the Board's decision. The Veterans Court also found that the VA satisfied its duty to assist Mr. Swearingen and that the Board provided adequate reasons and bases for its findings and conclusions. Mr. Swearingen appeals.

## II

Our jurisdiction to review decisions of the Veterans Court is limited by statute. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation ... or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a), (d)(1). But we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent an appeal presents a constitutional issue. 38 U.S.C. § 7292(d)(2).

The regulations provide that certain "radiogenic diseases" may be service-connected if they become manifest in a veteran exposed to ionizing radiation. 38 C.F.R. §§ 3.309(d), 3.311. Parkinson's disease is not listed as a "radiogenic disease" in the regulations. Nevertheless, the VA was required to consider Mr. Swearingen's claim if he identified "competent scientific or medical evidence that the claimed condition is a radiogenic disease." 38 C.F.R. § 3.311(b)(4).

The Board reviewed all of the evidence Mr. Swearingen submitted, including several articles, treatises, and blogs, but found that none of the evidence provided competent scientific studies or findings associating Parkinson's disease with exposure to ionizing radiation. On appeal, Mr. Swearingen requests that we review the evidence and rule in his favor. *See, e.g.,* Appellant's Informal Br. Resp. No. 6. Because the only issue here is Mr. Swearingen's disagreement with factual findings and application of law to fact, we must dismiss the appeal for lack of jurisdiction.

**DISMISSED**

No costs.

**In re John Nicholas GROSS, Appellant.**

**No. 2014–1429.**

United States Court of Appeals, Federal Circuit.

May 12, 2015.

John Nicholas Gross, Law Office of J. Nicholas Gross, Berkeley, CA, argued pro se.

Joseph Gerard Piccolo, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for appellee Michelle K. Lee. Also represented by Nathan K. Kelley, Mary L. Kelly, Syd-

ney O. Johnson, Jr., Thomas W. Krause, Joseph Matal.

PROST, Chief Judge, LOURIE and TARANTO, Circuit Judges.

## JUDGMENT

PER CURIAM.

THIS CAUSE having been heard and considered, it is ORDERED and ADJUDGED:

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

**Johnnie LEWIS, Petitioner**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent**

**United States Postal Service, Intervenor.**

No. 2014–3108.

United States Court of Appeals, Federal Circuit.

May 13, 2015.

Johnnie Lewis, Chicago, IL, pro se.

Katrina Lederer, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by Bryan G. Polisuk.

Heidi L. Osterhout, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor. Also represented by Benjamin Mark Moss, Joyce R. Branda, Robert E. Kirschman, Jr., Franklin E. White, Jr.

Before REYNA, SCHALL, and HUGHES, Circuit Judges.

PER CURIAM.

### DECISION

Johnnie Lewis petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. We *affirm.*

### DISCUSSION

#### I.

Mr. Lewis is a Mail–Processing Clerk employed by the Postal Service ("agency") at its Cardiss Collins Processing and Distribution Center ("P & DC") in Chicago, Illinois. On March 9, 2012, he appealed to the Board alleging that the agency had failed to restore him to duty after his partial recovery from an on-the-job injury. He also alleged that the agency constructively suspended him from duty from February 12, 2012, to March 9, 2012, the date of his appeal. On December 10, 2012, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which she dismissed the appeal for lack of jurisdiction. *Lewis v. U.S. Postal Serv.*, No. CH–0353–12–0349–I–1 (M.S.P.B. Dec. 10, 2012) (*"Initial Decision"*).

#### II.

The AJ first addressed Mr. Lewis's restoration claim. In order for a partially recovered employee to establish Board jurisdiction over a restoration appeal, the employee must prove by a preponderance